IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI


Re:   Ruffin, et al., v. The Money Store, Inc., et al., Civil Action No. 2:05cv123-LTS-JMR
       Wilson v. The Money Store, et al., Civil Action No. 3:05cv282-TSL-AGN
       Varnado v. The Money Store, et al., Civil Action No. 3:05cv283-HTW-JCS
       Hopkins, et al., v. The Money Store, et al., Civil Action No. 3:05cv286-TSL-AGN
       Gordon, et al., v. The Money Store, et al., Civil Action No. 3:05cv287-HTW-JCS
       Meardry, et al., v. The Money Store, et al., Civil Action No. 4:05cv81-TSL-AGN
       Crosby, et al., v. The Money Store, et al., Civil Action No. 4:05cv82-TSL-AGN
       Harris, et al., v. The Money Store, et al., Civil Action No. 4:05cv83–TSL-AGN
       Scott, et al., v. The Money Store, et al., Civil Action No. 4:05cv84-TSL-AGN


ORDER

The captioned cases have been removed for a second time from state court and have been assigned, as new cases, according to the court's case assignment plan. A review of court records reflect that the plaintiffs in the captioned cases originally filed these cases in state courts. Defendants then removed these cases, and others, to this court where they were consolidated and assigned to United States District Judge David Bramlette.  Subsequently, Judge Bramlette entered orders of remand in each of the original thirteen cases. Motions to reconsider were denied and the original thirteen cases were remanded to the state court from which they were originally removed.

The captioned cases, being nine of the thirteen cases originally removed and remanded, have again been removed to this court and assigned to various judges pursuant to the court's case assignment plan. Two other cases, from the original thirteen, were also removed, assigned and have been subsequently remanded. A third case from the original thirteen was removed to the Northern District of Mississippi. Of the original thirteen cases previously removed by defendants, only the case originally assigned to Judge Bramlette, into which all cases were originally consolidated, was not again removed.

Paragraph VI of Internal Rule 1, as amended on December 29, 2004, provides the following:

> *If any case is removed from any list of cases by judgment of this court and is subsequently reversed or remanded, the Clerk of Court will assign such case to the same District Judge who previously tried or handled the case and who will have sole responsibility for the case's final disposition, unless that District Judge agrees to the assignment of the cases to another District Judge.*

Although the specific case "... previously tried or handled ..." by Judge Bramlette has not been removed again to this court, the other cases, which were consolidated with the Bramlette case and assigned to Judge Bramlette, have now been removed.

The court is of the opinion that it is the intent of the court's Internal Rule that cases returning to the jurisdiction of the court, whether by remand, reversal, or, as here, by a second removal, should be reassigned to the judge originally assigned the case or consolidated cases. This reasoning should have been applied to the assignment of the captioned cases. The Clerk is therefore directed to docket this order in each of the captioned cases and to reassign these cases to District Judge David Bramlette and Chief Magistrate Judge John M. Roper.

IT IS, THEREFORE, ORDERED that the captioned cases be reassigned to District Judge David Bramlette and Chief Magistrate Judge John M. Roper for further proceeding. With this action, all pending motions in the captioned cases shall be considered moot and should be resubmitted by counsel, as necessary.

So ordered this 5th day of January, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE